107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred C. PROCTOR, also known as Fred C. Hutchinson; and
Rodney P. Hernandez, Plaintiffs-Appellants,
v.
John F. NICHOLS, Defendant-Appellee.
 No. 96-1319.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1997.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; HULL, District Judge.*
 
 ORDER
 
 2
 Fred C. Proctor appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Proctor and a co-plaintiff alleged that the defendant violated their constitutional rights by failing to maintain an adequate law library for maximum security inmates, at the county jail where they had been incarcerated as pretrial detainees. The district court granted the defendant's motion for summary judgment and dismissed the case on February 16, 1996. It is from this judgment that Proctor now appeals. His co-plaintiff is not a party to this appeal, as he did not join Proctor in signing the notice of appeal. See Fed.R.App.P. 3(c).
 
 
 4
 Summary judgment is appropriate if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). If the movant shows that there is an absence of evidence regarding an element of the case, the burden shifts to the non-movant to bring forth significant probative evidence which shows that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). A de novo review of the record shows that Proctor has not met that burden here.
 
 
 5
 To state a cognizable claim based on the denial of his access to the courts, Proctor must show that he was actually prejudiced in his ability to litigate a specific lawsuit. See Lewis v. Casey, 116 S.Ct. 2174, 2180-81 (1996). Proctor filed an affidavit which indicates that the lack of adequate legal reference materials prevented him from: 1) assisting his attorney in his criminal trial for murder; 2) representing himself in several other cases; and 3) providing effective legal assistance to other inmates at the jail. These assertions are not sufficient to sustain Proctor's burden under Rule 56(e).
 
 
 6
 Prison officials may employ alternative procedures to ensure that inmates have access to the courts. Id. Thus, Proctor's assertion of prejudice is refuted by the fact that he was represented by counsel in his murder case. See Martucci v. Johnson, 944 F.2d 291, 295 (6th Cir.1991). Proctor now suggests that his attorney's representation may have been inadeqauate. However, a claim that counsel provided ineffective assistance would not be cognizable here, as a ruling on it might affect the validity of Proctor's conviction. See Heck v. Humphrey, 512 U.S. 477, ----, 114 S.Ct. 2364, 2372-73 (1994). Proctor's remaining assertions are also unavailing, as his affidavit indicates that he was able to obtain the materials that he needed for his other cases from family members. See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). Moreover, Proctor does not have a constitutionally protected right to assist other inmates with their legal problems. See Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir.1993). Hence, the district court properly found that the defendant was entitled to summary judgment because Proctor did not show that his access to the courts was significantly impeded by the alleged inadequacy of library facilities for maximum security inmates at the jail. See Kensu, 87 F.3d at 175; Martucci, 944 F.2d at 295.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation